UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLIN REESE DIGGIE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:22-cv-00356-DCN<br>        4:17-cr-00332-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Petitioner Colin Reese Diggie's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Petition"). Dkt. 1; CR-332 Dkt. 53.[1] For the reasons set forth below, the Court DENIES the motion. Also before the Court is the Government's Motion to Dismiss Petition Under 28 U.S.C. § 2255. Dkt. 7. For the reasons set forth below, the Court GRANTS the motion.

# II. BACKGROUND

On January 16, 2019, Diggie pleaded guilty to one count of Second-Degree Murder in violation of 18 U.S.C. §§ 1111 and 1153. CR-332, Dkt. 26. The Court found it appropriate to depart upward from Diggie's guideline range of 168–210 months, on the grounds that his offense level of thirty-five and criminal history category of one did not adequately represent the seriousness of his criminal history and pattern of extreme violence

---

[1] In this Order, "CR-332" is used when citing to Diggie's criminal case record in 4:17-cr-00332-DCN-1. All other docket citations are to the record in the instant civil action.

toward romantic partners. CR-332, Dkt. 30, at 2. Considering the sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Diggie to 300 months of incarceration with five years of supervised release. CR-332, Dkt. 40.

On June 10, 2019, Diggie timely appealed the judgment. CR-332, Dkt. 41. The Ninth Circuit affirmed the ruling of the Court on August 11, 2020. CR-332, Dkt. 50. Diggie did not seek certiorari from the United States Supreme Court, and the time for doing so has expired. Diggie filed the instant Petition alleging ineffective assistance of counsel on August 15, 2022. Dkt. 1. On August 19, 2022, the Court filed a Notice of Filing and Order Setting the Briefing Schedule outlining the timeframes for responses. Dkt. 3. Under that Order, the Government had ninety days to file a reply, and Diggie had thirty days following the Government's reply to file a response brief. *Id*. The Government requested an extension (Dkt. 5), which the Court granted (Dkt. 6). On January 13, 2023, the Government filed a Motion to Dismiss Petition under 28 U.S.C. § 2255. Dkt. 7. Diggie requested an extension to file a response, (Dkt. 8), which the Court granted (Dkt. 9). Diggie did not file a response brief by the extended deadline of May 26, 2023. The motions are now ripe for review.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b). "[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255] '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements without factual support are not enough to warrant a hearing in a § 2255 case. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

### A. Timeliness of the Petition

The Court first addresses the timeliness argument raised by the Government. Dkt. 7, at 5. To be timely, a petition attacking a sentence must be filed within one year. 28 U.S.C.

§ 2255(f). The countdown clock starts upon the latest of four events: "(1) the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id*.

A judgment becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." *Clay v. United States*, 537 U.S. 522, 527 (2003). If a petition for a writ of certiorari is never filed, judgment of conviction becomes final when the time for filing expires, ninety days after judgment. *Id*. at 525. The Ninth Circuit entered its judgment on August 11, 2020, and the time for filing a petition for certiorari expired on November 9, 2020, starting the clock for the statute of limitations. Dkt. 50. Thus, under § 2255, Diggie had until November 8, 2021, to file his Petition.

Here, Diggie filed his Petition on August 15, 2022—almost a full year after the applicable deadline. For this reason, the Court finds Diggie's petition was filed more than one year from final judgment and is thus untimely. Even though the § 2255 petition is barred for untimeliness, the Court will still address its merits.

### B. Ineffective Assistance of Counsel

In his petition, Diggie claims ineffective assistance of counsel justifies revisiting his

MEMORANDUM DECISION AND ORDER - 4

sentence. As the Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[2] Therefore, Diggie must satisfy both prongs of "the two-part *Strickland v. Washington* test." *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985) (citing *Strickland*, 466 U.S. at 687–90). To establish ineffective assistance under that test, Diggie must show: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of that proceeding would have been different." *Hill*, 474 U.S. at 56–58 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see also United States v. Silveira*, 997 F.3d 911 (9th Cir. 2021) (citing and reaffirming *McMann*.)[3] Even if counsel acted professionally unreasonable, prejudice to the petitioner is a requirement to set aside the judgment. *Hill*, 474 U.S. at 57.

Here, Diggie alleges three instances of ineffective assistance of counsel: his counsel's failure to (1) advise him to proceed to trial and seek an instruction on voluntary manslaughter as he never admitted to the intent element of his crime, (2) seek an expert witness to testify that he was incompetent to stand trial, and (3) seek a competency hearing

---

[2] In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

[3] To satisfy the *Strickland* prongs, Diggie must identify specific deficient acts or omissions of defense counsel. *Strickland*, 466 U.S. at 690. Also, when a defendant's Section 2255 claim "is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004).

MEMORANDUM DECISION AND ORDER - 5

rather than allowing him to plead guilty while allegedly incompetent. Dkt. 1, at 4. The Court will consider each allegation in turn.

*1. Failure to seek Voluntary Manslaughter Instruction*

Diggie asserts that he never admitted to the intent element of his crime and that his counsel should have advised him to proceed to trial and to request an instruction on voluntary manslaughter.

This argument fails for two reasons. First, Diggie admitted to all elements of the crime during his plea hearing. CR-332, Dkts. 25, 26. The Court found his plea legally adequate, and he was sentenced following his admission of guilt. CR-332, Dkt. 40. Second, a murder defendant is not automatically entitled to an instruction on voluntary manslaughter. *United States v. Begay*, 673 F.3d 1038, 1045 (9th Cir. 2011). The defendant must produce evidence "that the defendant was acting out of passion rather than malice." *Id*. (quoting *United States v. Quintero*, 21 F.3d 885, 890 (9th Cir. 1994)).

Given the absence of such evidence in the record, the Court will not find Diggie's counsel ineffective for advising him to take a plea deal rather than proceeding to trial. His counsel's conduct fell within *Strickland*'s "wide range of reasonable professional assistance." 466 U.S. at 688. Diggie's claim that he never admitted to the intent element and that his counsel should have advised him to proceed to trial and request an instruction for voluntary manslaughter therefore fails both prongs of the *Strickland* test.

*2. Failure to Seek an Expert Witness*

Diggie next alleges that his counsel failed to seek an expert witness to testify that he was incompetent to stand trial.

MEMORANDUM DECISION AND ORDER - 6

Under 18 U.S.C. §§ 4241 and 4247, if there is reasonable cause to believe that the defendant is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings or to assist properly in his defense, the Court may order, or counsel may file a motion for, a hearing to determine the competency of the defendant. 18 U.S.C. §§ 4241, 4247. When determining a defendant's competency, the Court may consider expert testimony as well as counsel's observations and evaluations. *See United States v. Garza*, 751 F.3d 1130, 1137 (9th Cir. 2014); *Stanley v. Cullen*, 633 F.3d 852, 861 (9th Cir. 2011).

Here, there is nothing in the record to support Diggie's claim of incompetence.[4] At no point in the proceedings was the question of Diggie's competence raised and no motion was ever brought under §§ 4241 or 4247. Without a motion for a competency hearing, and without proceeding to trial, the testimony of an expert witness is unnecessary. Therefore, the Court does not find Diggie's counsel deficient for failing to obtain an expert witness for proceedings that never took place.

Diggie's claim that his counsel failed to seek an expert witness to testify as to his incompetence therefore fails both prongs of the *Strickland* test.

*3. Failure to Seek a Competency Hearing*

Continuing on this wise, Diggie asserts that his counsel failed to seek a competency

---

[4] Diggie asserts in his Petition that he has been diagnosed with Schizophrenia, Adjustment Disorder, Borderline Personality Disorder, and Dependent Personality Disorder. Dkt. 1, at 4. Records obtained from Fort Hall Indian Health Services corroborate these diagnoses, as well as Alcohol Abuse, Depressed Mood, and Antisocial Personality Disorder.CR-332, Dkt. 33, at 30. Notwithstanding, there is nothing in the record that substantiates Diggie's claim of incompetence. At no point during the proceedings did he exhibit signs of psychological dysfunction.

MEMORANDUM DECISION AND ORDER - 7

hearing before allowing him to plead guilty and should not have allowed him to plead guilty because he was incompetent.

Again, there is nothing in the record to support Diggie's claim of incompetence. Absent any indication of incompetence, the Court does not find that Diggie's counsel was ineffective for failing to seek a competency hearing or for allowing Diggie to plead guilty. Diggie's claim that his counsel failed to seek a competency hearing before allowing him to plead guilty therefore fails both prongs of the *Strickland* test.

*4. Conclusion*

The three claims laid out by Diggie regarding his attorney's actions fail to establish how he performed below an objective standard of reasonableness. Diggie's counsel's actions fell within "the 'wide range' of reasonable professional assistance." *Strickland*, 466 U.S. at 688. And even if counsel's actions were deemed unreasonable, Diggie was not prejudiced because the outcome likely would have been the same based on the evidence that would have been presented had a competency hearing been held and had Diggie proceeded to trial. For these reasons, the Court DENIES Diggie's ineffective assistance of counsel claim.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of

MEMORANDUM DECISION AND ORDER - 8

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Diggie has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

If Diggie wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Diggie's conviction or sentence. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. The motion is DENIED.

## VII. ORDER

**IT IS HEREBY ORDERED:**

1. Diggie's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1; CR-332 Dkt. 53) is DENIED.

2. The Government's Motion to Dismiss Petition Under 28 U.S.C. § 2255 (Dkt. 7) is GRANTED.

3. This Order will be entered on the dockets of both Diggie's civil (4:22-cv-00356-DCN ) and criminal (4:17-cr-00332-DCN) case.

4. No certificate of appealability shall issue. Diggie is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

5. If Diggie files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: June 29, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10